UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

ROY DEN HOLLANDER, et ano.,

                        Plaintiffs,

          -against-                                     08 Civ. 7286 (LAK)

INSTITUTE FOR RESEARCH ON WOMEN &
GENDER AT COLUMBIA UNIVERSITY, et al.,

                        Defendants.

------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      Plaintiffs object to the report and recommendation of Magistrate Judge Kevin Nathaniel Fox, which recommended the dismissal of this action for lack of standing. Having reviewed the amended complaint, the report and recommendation, and plaintiffs' objections, I have concluded that there was no error and that the action should be and hereby is dismissed for lack of standing. I write only to address a few points raised by the objections.

      First, plaintiffs contend that the Magistrate Judge should have recused himself because he is an alumnus of Columbia University. As an initial matter, plaintiffs were obliged to raise any such objection at the earliest possible moment,[1] but there has been no showing that they did so, as they have not disclosed when they learned the fact upon which they rely. The point therefore has been waived. Even if that were not the case, however, recusal would have been warranted only if "an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal."[2] I am satisfied that a

---

[1] *See, e.g., Apple v. Jewish Hosp. and Medical Center,* 829 F.2d 326, 333 (2d Cir.1987) ("It is well-settled that a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.").

[2] *In re Aguinda,* 241 F.3d 194, 201 (2d Cir.2001) (quoting *United States v. Lovaglia,* 954 F.2d 811, 815 (2d Cir.1992) (internal quotation marks omitted)).

disinterested observer fully informed of the fact that the Magistrate Judge once attended Columbia University would not entertain significant doubt that justice would be done here. In any case, as it is my obligation to review the decision on this motion *de novo,* any failure to recuse by the Magistrate Judge would have been harmless.

Second, plaintiffs argue that the Magistrate Judge erred in believing that the action is brought *pro se.* In fact, Roy Den Hollander is both the attorney of record for the plaintiffs and a plaintiff himself. Thus, as a purely technical matter, it might be said that the action is not brought *pro se* insofar as it is brought on the second plaintiff although it undeniably is brought *pro se* to the extent that Mr. Hollander represents himself as a party plaintiff. But plaintiffs' argument betrays a remarkable instinct for the capillaries. By characterizing the case as having been brought *pro se,* the Magistrate Judge gave the plaintiffs the benefit of the greater liberality afforded to *pro se* litigants and thus afforded them a benefit to which at least the second plaintiff and possibly also Mr. Hollander, who is a member of the Bar, were not entitled. Certainly neither plaintiff was prejudiced by any error that might have been committed in their favor. At the end of the day, moreover, the result here would be the same regardless of whether the plaintiffs or either of them is proceeding *pro se.*

Finally, although the Magistrate Judge did not reach the merits, it bears noting that plaintiffs' central claim is that feminism is a religion and that alleged federal and state approval of or aid to Columbia's Institute for Research on Women & Gender therefore constitute a violation of the Establishment Clause of the First Amendment. Feminism is no more a religion than physics, and at least the core of the complaint therefore is frivolous.

I have considered plaintiffs' other objections and concluded that they lack merit.

Accordingly, the motions to dismiss all are granted and the case dismissed for lack of standing. The Establishment Clause claims are dismissed also on the alternative ground that they are absurd and utterly without merit. The Clerk shall enter final judgment of dismissal and terminate all open motions.

SO ORDERED.

Dated: April 23, 2009

*[signature]*
Lewis A. Kaplan
United States District Judge