09-1910-cv
Hollander v. Institute for Research on Women & Gender at Columbia University

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of April, two thousand ten.

Present:
        GUIDO CALABRESI,
        CHESTER J. STRAUB,
                *Circuit Judges*.[*]
_____

ROY DEN HOLLANDER and WILLIAM A. NOSAL, on behalf of themselves and all others similarly situated,

    *Plaintiffs-Appellants*,

        v.                                                                                                   No.  09-1910-cv

INSTITUTE FOR RESEARCH ON WOMEN & GENDER AT COLUMBIA UNIVERSITY, SCHOOL OF CONTINUING EDUCATION AT COLUMBIA UNIVERSITY, TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, also known as COLUMBIA UNIVERSITY, U.S. DEPARTMENT OF EDUCATION, RICHARD P. MILLS, in his individual capacity, COMMISSIONER RICHARD P. MILLS, NEW YORK STATE

---

[*] The Honorable Robert A. Katzmann, originally assigned to this panel, recused himself before oral argument. The remaining two members of the panel, who are in agreement, have determined this matter. *See* Second Circuit Internal Operating Procedure E(b); 28 U.S.C. § 46(d); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

COMMISSIONER OF THE DEPARTMENT OF EDUCATION, in his official capacity, MARGARET SPELLINGS, U.S. SECRETARY OF EDUCATION, in her official capacity, PRESIDENT JAMES C. ROSS, PRESIDENT OF THE NEW YORK STATE HIGHER EDUCATION SERVICES CORP., in his official capacity, JAMES C. ROSS, in his individual capacity, CHANCELLOR ROBERT M. BENNETT, CHANCELLOR OF THE BOARD OF REGENTS, in his official capacity, ROBERT M. BENNETT, in his individual capacity, BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE, in his or her individual or official capacity,

   *Defendants-Appellees*.**

| | |
|---|---|
| For Plaintiffs-Appellants: | ROY DEN HOLLANDER, New York, NY |
| For Columbia University Defendants-Appellees: | ROBERT D. KAPLAN, Friedman Kaplan Seiler & Adelman LLP, New York, NY |
| For Federal Defendants-Appellees: | JEAN-DAVID BARNEA, Assistant United States Attorney (Ross E. Morrison, Assistant United States Attorney, *of counsel*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY |
| For State Defendants-Appellees: | PATRICK J. WALSH, Assistant Solicitor General, (Barbara D. Underwood, Solicitor General, Peter Karanjia, Special Counsel to the Solicitor General, *of counsel*), *for* Andrew M. Cuomo, Attorney General of the State of New York, New York, NY |

  Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

  **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court be and hereby is **AFFIRMED**.

---

  ** The Clerk of Court is instructed to amend the official caption in this case to conform to the listing of the parties above.

Plaintiff-Appellant Roy Den Hollander[1] appeals from the judgment of the district court dated April 30, 2009 (Kaplan, *J.*), adopting the Report and Recommendation dated April 15, 2009 by United States Magistrate Judge Kevin Nathaniel Fox, and granting defendants' motions to dismiss for lack of standing. We assume the parties' familiarity with the facts and specification of issues on appeal.

"The party seeking judicial review bears the burden of alleging facts that demonstrate its standing." *Green Island Power Auth. v. Fed. Energy Regulatory Comm'n*, 577 F.3d 148, 159 (2d Cir. 2009) (internal quotation marks and brackets omitted). Plaintiff alleges that the existence of Columbia University's Women's Studies Program and the corresponding lack of an equivalent "Men's Studies Program" inflicts harm on certain men as a class by, *inter alia*, promoting "misandry-feminism," promoting feminism as a religion, and robbing men of an equivalent educational experience. As to the plaintiff's discrimination-based claims, the district court properly dismissed the action for lack of standing as to all defendants because the plaintiff's claims of harm amount to the kind of speculative harm for which courts cannot confer standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (stating that "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical") (internal quotation marks, citations, and footnote omitted); *Gully v. Nat'l Credit Union Admin. Bd.*, 341 F.3d 155, 160 (2d Cir. 2003) (same). Nor has plaintiff made out the requirements for

---

[1] William A. Nosal was a Class Representative when the case was before the district court and as of the filing of the appeal at bar, but has since withdrawn.

1    taxpayer standing for his Establishment Clause claim. *See DeStefano v. Emergency Housing*

2    *Group, Inc.*, 247 F.3d 397, 405 (2d Cir. 2001). Thus, with no occasion to reach any of plaintiffs'

3    further arguments on appeal—about which we share, in any event, the district court's grave

4    doubts—we **AFFIRM** the dismissal of the action for substantially the reasons stated in Judge

5    Fox's thorough Report and Recommendation as adopted by the district court.

6                                                          FOR THE COURT:

7                                                          CATHERINE O'HAGAN WOLFE, CLERK

8