UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------x

| | |
|---|---|
| Roy Den Hollander, | Docket No. |
| | 10 CV 9277 |
| Plaintiff on behalf of himself and all others similarly situated, | (LTS)(HBP)(ECF) |
| -against- | |
| Members of the Board of Regents of the University of the State of New York, in their official and individual capacities; Chancellor of the Board of Regents, Merryl H. Tisch, in her official and individual capacity; New York State Commissioner of the Department of Education, David M. Steiner, in his official and individual capacity; Acting President of the New York State Higher Education Services Corp., Elsa Magee, in her official and individual capacity; U.S. Department of Education; and U.S. Secretary of Education, Arne Duncan, in his official capacity; | |
| Defendants. | |

----------------------------------------------------------------------------------x

## DECLARATION OF ROY DEN HOLLANDER IN SUPPORT OF OPPOSITION TO THE STATE AND U.S. DEFENDANTS' MOTIONS TO DISMISS

Roy Den Hollander, an attorney admitted to practice in the State of New York and before this Court affirms the following under penalty of perjury:

1. This putative class action is referred to as *Den Hollander II*.[1] The Complaint, Exhibit A, brings one of three federal claims that were dismissed for lack of standing in *Den Hollander I*.

2. The federal claims in *Den Hollander I* were violation of the Establishment Clause, Equal Protection under the Fifth and Fourteenth Amendments, and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.

---

[1] The State uses the terminology "*Hollander II*" and "*Hollander I*."

3. In *Den Hollander I*, Magistrate Judge Fox recommended dismissal of the claims for lack of standing. "The plaintiffs' alleged injury … is not 'an injury in fact'." (Exhibit B pp. 8-9, *Report and Recommendation*).

4. Southern District Court Judge Kaplan accepted the Magistrate's *Report and Recommendation* by ruling "I have concluded that there was no error and that the action should be and is hereby dismissed for lack of standing." (Exhibit C p. 1, *Order*). After ruling that the District Court had no subject matter jurisdiction because of a lack of standing, Judge Kaplan stated that "although the Magistrate Judge did not reach the merits…. Feminism is no more a religion than Physics and at least the core of the Complaint is therefore frivolous…. The Establishment Clause claims are dismissed also on the alternative ground that they are absurd and utterly without merit." (Exhibit C p. 2).

5. *Den Hollander I* was appealed to the Second Circuit which upheld the dismissal for lack of standing on all claims, and with respect to the Establishment Clause claim, specifically noted that the class representative has not "made out the requirements for taxpayer standing…." (Exhibit D, pp. 3- 4, *Summary Order*).

6. Before the Second Circuit rendered its decision, Judge Calabresi, during oral argument on April 8, 2010, emphasized that the complaint failed to allege that the Class Representative had taxpayer status. (Transcript of Oral Argument, Exhibit E, pp. 2, 5).

7. This case, *Den Hollander II*, which brings only the Establishment Clause claim, includes the specific jurisdictional fact allegation that the class representative has federal and New York State taxpayer status, Complaint ¶¶ 6, 13, which is supported by two 1099 tax forms: one for 2010 when the Complaint was filed and the other for 2011. (Exhibit F).

8.  A number of the Complaint's allegations are made "on information and belief" because the State's Education Department denied a Freedom of Information Law request for direct institutional funds (non-student aid) provided Columbia University and its Institute for Research on Women and Gender ("IRWG").  (Exhibit G).  Columbia also refused a request for information on federal and State institutional funds provided IRWG.  (Exhibit G).

9.  The New York Regents' major policy and action plan: *Equity for Women in the 1990s, Regents Policy and Action Plan, Background Paper* (1993) is attached as Exhibit H.  <u>The page cites in the Complaint and Opposition Memorandum are to the document's original page numbers.</u>

10.  An index of the other exhibits is attached.  <u>All the page cites are to the documents' original page numbers.</u>

Dated: New York, New York
         March 8, 2011

                                                                                                   _____
Roy Den Hollander, Esq. (1957)
Putative class attorney and representative
545 East 14 Street, 10D
New York, N.Y. 10009
(917) 687-0652

**Exhibit Index**

Exhibit A, Complaint

Exhibit B, Magistrate Judge's *Report and Recommendation*

Exhibit C, District Court Judge's *Order*

Exhibit D, Second Circuit's *Summary Order*

Exhibit E, Transcript of Oral Argument before the Second Circuit

Exhibit F, Class Representative's 1099 Tax Forms

Exhibit G, Freedom of Information Law requests and responses, letter to Columbia University requesting flow of funds to IRWG and Columbia's response

Exhibit H, *Equity for Women in the 1990s, Regents Policy and Action Plan, Background Paper* (1993)

Exhibit I, Documents from IRWG's website

Exhibit J, 1972 Regents Major Policy Statement, *Equal Opportunity for Women-A Statement of Policy and Proposed Action*

Exhibit K, 1972 Regents Statewide Plan, excerpt

Exhibit L, 1984 Regents Statewide Plan, abstract

Exhibit M, 1984 Regents Major Policy Statements 1984-1990, excerpt

Exhibit N, 1988 Regents Statewide Plan, abstract

Exhibit O, New York Annual Education Summary, Table 42

Exhibit P, 2004 Regents Statewide Plan, pp. 70, 72 with Chart 17

Exhibit Q, 2007 Digest of Educational Statistics, Table 258