UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ROY DEN HOLLANDER,

    Plaintiff,

-v-                                    No. 10 Civ. 9277 (LTS)(HBP)

MEMBERS OF THE BOARD OF REGENTS
OF THE UNIVERSITY OF THE STATE OF
NEW YORK, in their official and individual
capacities, et al.

    Defendants.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 31 OCT 2011

## ORDER

    Plaintiff Roy Den Hollander ("Plaintiff"), a Columbia University (the "University") alumnus, seeks declaratory and injunctive relief against the Members of the Board of Regents of the State of New York, Chancellor of the Board of Regents Merryl H. Tisch, New York State Commissioner of the Department of Education David M. Steiner, Acting President of the New York State Higher Education Services Corporation Elsa Magee, and United States Secretary of Education Arne Duncan, in their official and individual capacities, and the United States Department of Education (collectively, "Defendants"). Plaintiff asserts that it is unconstitutional for Defendants to provide the University with public funding because the University's Women's Studies program promotes a religion of feminism in violation of the Establishment Clause of the First Amendment.

    Plaintiff commenced a similar action against Defendants (or their predecessors)

and the University in 2008 alleging, among other things, that Defendants violated the Establishment Clause "by aiding the establishment of the religion Feminism" by funding the University's Women's Studies Program. Den Hollander v. Inst. for Research on Women & Gender at Columbia Univ. ("Den Hollander I"), No. 08 Civ. 7286 (S.D.N.Y. filed Dec. 1, 2008). The District Court dismissed Den Hollander I for lack of standing, and the Second Circuit affirmed the dismissal. Order, Den Hollander I, No. 08 Civ. 7286 (S.D.N.Y. Apr. 24, 2009), ECF No. 36, aff'd, 372 Fed. Appx. 140 (2d Cir. 2010).) In Den Hollander I, the issue of Plaintiff's standing thus was litigated at the District Court level and on appeal. See, e.g., Report and Recommendation, Den Hollander I, 2009 WL 1025960 (S.D.N.Y. Apr. 15, 2009), adopted by, Order, No. 08 Civ. 7286 (S.D.N.Y. Apr. 24, 2009), ECF No. 36, aff'd, 372 Fed. Appx. 140 (2d Cir. 2010).

Defendants moved to dismiss Plaintiff's Complaint in this case. Magistrate Judge Harry B. Pitman, to whom the matter was referred for a Report and Recommendation, converted Defendants' motions to dismiss into a motion for summary judgment in accordance with Federal Rule of Civil Procedure 12(d). (Order, June 3, 2011, ECF No. 17; see also Fed. R. Civ. P. 12(d).) On July 1, 2011, Judge Pitman issued a Report and Recommendation ("Report") recommending that summary judgment be granted in favor of Defendants on the ground that collateral estoppel precludes this action because Plaintiff previously litigated the issue of his standing to bring such a claim. (Report, July 1, 2011, ECF No. 24.) Plaintiff filed timely objections. Familiarity with the Report and Den Hollander I is assumed.

In reviewing the Report, the Court "may accept reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.A. § 636(b)(1)(C)

(West 2006 & Supp. I 2011). The Court is required to make a de novo determination as to the aspects of the Report to which specific objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates original arguments, the Court reviews the Report only for clear error. See Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings); Schoolfield v. Dep't of Corr., No. 91 Civ. 1691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (objections stating that magistrate judge's decisions are wrong and unjust and which restate facts upon which complaint was grounded are conclusory and do not form specific basis for not adopting report and recommendation). Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal, such that no party be allowed a "second bite at the apple" by simply re-litigating a prior argument. Camardo, 806 F. Supp. at 381-82.

    Plaintiff raises five objections to the Report. He asserts that the Report: (1) is flawed by reliance on "factual inaccuracies"; (2) that Judge Pitman's failure to address res judicata was improper; (3) that Judge Pitman erred in holding that collateral estoppel bars Plaintiff from asserting taxpayer standing in relation to his Establishment Clause claim because the issue of standing was resolved against Plaintiff in Den Hollander I; (4) that Plaintiff's "non-economic" standing argument is not barred by collateral estoppel and that Judge Pitman's contrary conclusion is marred by reliance on "false facts"; and (5) that Judge Pitman "inappropriately relies on cases outside the Second Circuit to override the authority of the Second Circuit and U.S. Supreme Court preceden[ts] on the issue of collateral estoppel." (Obj., July 11,

2011, ECF No. 25.)

The Court has reviewed <u>de novo</u> the aspects of the Report to which Plaintiff's objections are non-conclusory and not simply reiterations of arguments previously directed to Judge Pitman. The Court has reviewed the remainder of the Report for clear error.

Plaintiff's first objection, that Judge Pitman relied on factual inaccuracies in the Report, is unsupported by the record. Plaintiff's second objection, that Judge Pitman did not rule whether res judicata applies, is unavailing. When one issue is dispositive of a matter, there is no need for the Court to address alternate grounds for disposition. See, e.g., Stachelberg v. Ponce, 128 U.S. 686, 691 (U.S. 1888) ("This conclusion is sufficient to dispose of the case, and renders it unnecessary to consider other grounds upon which, it is insisted, the decree below should be sustained."). Here, the Report unambiguously recommends dismissal of the entire Complaint on the ground of collateral estoppel, making a ruling on res judicata unnecessary. (See Report 37, July 1, 2011, ECF No. 24.)

Plaintiff's third and fourth objections, that collateral estoppel does not apply because taxpayer standing and non-economic standing were not previously litigated, are similarly without merit. Collateral estoppel bars relitigation of an issue when: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) resolution of the issue was necessary to support a valid and final judgment on the merits of the issue. Ball v. A.O. Smith Corp., 451 F.3d 66, 69–70 (2d Cir. 2006). This Court has previously applied collateral estoppel to the issue of standing. See Fulani v. Bentsen, 862 F. Supp. 1140 (S.D.N.Y. 1994).

Plaintiff describes the instant case as "a continuation of [his previous] men's rights case." (Obj. ¶ 6, July 11, 2011, ECF No. 25.) Plaintiff's standing to bring an Establishment Clause claim based on government funding of the University, including the Women's Studies program, was litigated in Den Hollander I. See, e.g., Report and Recommendation, Den Hollander I, 2009 WL 1025960 (S.D.N.Y. Apr. 15, 2009), adopted by, Order, No. 08 Civ. 7286 (S.D.N.Y. Apr. 24, 2009), ECF No. 36, aff'd, 372 Fed. App'x 140 (2d Cir. 2010). Both the District Court and the Second Circuit necessarily decided the issue of Plaintiff's standing in Den Hollander I. See Order, Den Hollander I, 08 Civ. 7286 (S.D.N.Y. Apr. 24, 2009), ECF No. 36, aff'd, 372 Fed. App'x 140 (2d Cir. 2010)). The issue of Plaintiff's standing to litigate his Establishment Clause and related claims regarding the University's Women's Studies program was decided against him in Den Hollander I. Plaintiff's attempt to litigate alternate grounds for standing in this lawsuit is improper and unavailing. As the Second Circuit has stated, "[t]he principal virtue of collateral estoppel is self-evident: it promotes judicial economy by reducing the burdens associated with revisiting an issue already decided." Securities Exch. Comm'n v. Monarch Funding Corp., 192 F.3d 295, 303 (2d Cir. 1999) (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979); Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir. 1986)). Additionally, "when the claims in two separate actions between the same parties are the same or are closely related [. . .] it is unfair to the winning party and an unnecessary burden on the courts to allow repeated litigation of the same issue in what is essentially the same controversy." United States v. Stauffer Chem. Co., 464 U.S. 165, 171 (1984) (quoting Restatement (Second) of Judgments § 28, comment b (1982)); Fulani, 862 F. Supp. at 1151. In sum, "a dismissal for lack of subject matter retains *some* preclusive effect [and] bars those

matters that have been actually litigated – typically, the specific jurisdictional issue(s) that mandated the initial dismissal." Lowe v. United States, 79 Fed. Cl. 218, 229 (original emphasis) (citing Parklane Hosiery, 439 U.S. at 326 n.5 ("the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action")). Thus, collateral estoppel bars Plaintiff's attempt to re-litigate his standing to bring an Establishment Clause claim based on government funding of the University.

Finally, Plaintiff misreads the case law when he objects that the Report relies on non-binding decisions "to override the Second Circuit and the U.S. Supreme Court" by applying collateral estoppel to his claim. The authorities upon which Plaintiff relies are inapposite to the standing question at issue here. The Court has thoroughly reviewed and considered de novo the relevant aspects of the Report and concurs in Judge Pitman's conclusions regarding the scope and application of the collateral estoppel doctrine.

The Court has reviewed the remaining aspects of the Report and finds Judge Pitman's analysis free of clear error. The Court adopts the Report in its entirety, and, for the reasons stated therein and for the foregoing reasons, summary judgment is granted in favor of Defendants. The Clerk of the Court is respectfully requested to enter judgment accordingly and to close this case.

This Order resolves docket entry no. 7.

SO ORDERED.

Dated: New York, New York
October 31, 2011

LAURA TAYLOR SWAIN
United States District Judge