UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ROY DEN HOLLANDER,

        Plaintiff,

  -v-

MEMBERS of the BOARD of REGENTS
of the UNIVERSITY of the STATE of NEW
YORK, in their official and individual
capacities, et al.,

        Defendants.

-------------------------------------------------------x

No. 10 Civ. 9277 (LTS)(HBP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 21 2012

## MEMORANDUM ORDER

On August 18, 2008, Plaintiff Roy Den Hollander ("Plaintiff" or "Den Hollander") commenced an action in this district ("Den Hollander I"), asserting that he was a New York State resident and an alumnus of Columbia University, but that he was deterred from attending continuing education courses at Columbia because he would be exposed to "Feminist dogma" from the university. See Den Hollander v. Institute of Research on Women and Gender at Columbia University, et al., 08 Civ. 7286 (LAK). He additionally contended that Columbia University's Institute for Research on Women and Gender Studies promotes the "Religion of Feminism," in violation of the Establishment Clause.

On April 15, 2009, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation recommending dismissal of Den Hollander I for lack of standing. See Den Hollander I, 2009 WL 1025960 (S.D.N.Y. Apr. 15, 2009). On April 24, 2009, District Judge Lewis Kaplan adopted the Report and Recommendation and, on April 16, 2010, the United States Court of Appeals for the Second Circuit affirmed Judge Kaplan's decision, based entirely

on Plaintiff's failure to establish standing.

Plaintiff subsequently filed the present action ("Den Hollander II"), which was referred to Magistrate Judge Henry Pitman for general pre-trial management. Defendants moved to dismiss the complaint, and Judge Pitman converted those motions to summary judgment motions. Judge Pitman ultimately issued a Report and Recommendation recommending that summary judgment be granted on the ground that collateral estoppel precluded Plaintiff from re-litigating the question of standing. After considering the Report and Recommendation and Plaintiff's objections, this Court adopted the Report and Recommendation in its entirety on October 31, 2011 and entered judgment closing the case that same day.

Now before the Court is Plaintiff's motion to vacate the October 31, 2011, judgment and to amend his complaint, principally by adding two new plaintiffs who assert that they have taxpayer standing. The Court has considered carefully all the parties' submissions and, for substantially the reasons set forth in pages 5 - 8 of the State Defendants' Opposition Memorandum of Law and pages 1 - 2 of the Federal Defendants' opposition letter, Plaintiff's motion is denied.

SO ORDERED.

Dated: New York, New York
May 21, 2012

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge