MANDATE

12-2362-cv
Hollander v. Members of the Board of Regents

N.Y.S.D. Case #
10-cv-9277(LTS)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand thirteen.

Present:    BARRINGTON D. PARKER,
            SUSAN L. CARNEY,
                Circuit Judges,
            JED S. RAKOFF,
                District Judge.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 03, 2013

ROY DEN HOLLANDER, on behalf of himself and all others similarly situated,

        Plaintiff-Appellant,

        v.

MEMBERS OF THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, in their official capacities, in their individual capacities, MERRYL H. TISCH, Chancellor of the Board of Regents; in her official capacity, Chancellor of the Board of Regents; in her individual capacity, DAVID M. STEINER, New York State Commissioner of the Department of Education; in his official capacity, New York State Commissioner of the Department of Education; in his individual capacity, ELSA MAGEE,

No. 12-2362-cv

---

    * The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 06/03/2013

| | |
|---|---|
| Acting President of the New York State Higher Education Services Corp.; in his official capacity, Acting President of the New York State Higher Education Services Corp.; in his individual capacity, UNITED STATES DEPARTMENT OF EDUCATION, ARNE DUNCAN, United States Secretary of Education; in his official capacity, | |
| Defendants-Appellees. | |

| | |
|---|---|
| Appearing for Plaintiff-Appellant: | ROY DEN HOLLANDER, Law Office of Roy D. Hollander, New York, NY. |
| Appearing for New York State Defendants-Appellees: | LESLIE B. DUBECK, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Steven C. Wu, Special Counsel to the Solicitor General, Laura R. Johnson, Assistant Solicitor General, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York. |
| Appearing for Federal Defendants: | SARAH J. NORTH (Jean-David Barnea, Sarah S. Normand, on the brief), Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York. |

Appeal from the United States District Court for the Southern District of New York (Laura Taylor Swain, <u>Judge</u>).  ON CONSIDERATION WHEREOF, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff-Appellant Roy Den Hollander appeals from an October 31, 2011 judgment of the District Court (Swain, <u>J.</u>) dismissing his complaint, and a May 21, 2012 order of the District Court denying his motion to vacate the judgment and amend his complaint.  We assume the parties' familiarity with the underlying facts,

2

the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

In December 2010, Hollander brought this putative class action against several New York State education officials (the "State Defendants"), as well as the United States Department of Education and the United States Secretary of Education (the "Federal Defendants"). Hollander claims that the State and Federal Defendants violate the Establishment Clause of the United States Constitution by providing public funding to Columbia University, which maintains an Institute for Research on Women's and Gender Studies and a Women's Studies program. According to Hollander, feminism is a "modern-day religion," Compl. ¶ 1, and by providing public funding to Columbia, the Defendants unconstitutionally "promote and favor the religion Feminism while inhibiting other contradictory viewpoints," id. § VI. Hollander, who seeks declaratory and injunctive relief, contends that he has standing to bring his Establishment Clause claim both as a New York State and federal taxpayer, id. ¶¶ 72-78, and as a Columbia alumnus whose "direct contact with the offensive religion" of feminism, id. ¶ 80, makes him "very uncomfortable" and interferes with his "use and enjoyment of Columbia as [a] member[ ] of the Columbia community," id. ¶ 79.

Several years ago, we affirmed the dismissal of a nearly identical suit – also brought by Hollander – for lack of standing. Hollander v. Institute for Research on Women & Gender at Columbia Univ., 372 F. App'x 140 (2d Cir. 2010) ("Hollander I") (summary order). In Hollander I, as here, Hollander claimed that "the existence of Columbia University's Women's Studies Program" promoted "feminism as a

3

religion," and that federal and state funding of Columbia therefore violated the Establishment Clause. Id. at 141. We concluded that Hollander's "claims of harm amount[ed] to the kind of speculative harm for which courts cannot confer standing," id., and that Hollander had failed to "ma[ke] out the requirements for taxpayer standing for his Establishment Clause claim," id. at 142.

In the present case, the District Court granted summary judgment to the Defendants after concluding that "collateral estoppel precludes this action because [Hollander] previously litigated the issue of his standing to bring such a claim." Hollander v. Members of the Bd. of Regents of the Univ. of the State of N.Y., No. 10 Civ. 9277, 2011 WL 5222912, at *1 (S.D.N.Y. Oct. 31, 2011) (adopting Report and Recommendation of Magistrate Judge Pitman). For substantially the reasons stated in Judge Pitman's thorough Report and Recommendation, as adopted by the District Court, we agree that summary judgment was correctly entered. Hollander's standing to assert an Establishment Clause claim based on the Defendants' provision of public funding to Columbia was fully litigated and decided in Hollander I. He is therefore barred from relitigating the standing issue in the present action. See, e.g., Mrazek v. Suffolk County Bd. of Elections, 630 F.2d 890, 896 n.10 (2d Cir. 1980); see also Coll. Sports Council v. Dep't of Educ., 465 F.3d 20, 22-23 (D.C. Cir. 2006) (per curiam); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4402 (2d ed. 2012). "[I]t does not make sense to allow a plaintiff to begin the same suit over and over again in the same court, each time alleging additional facts that the plaintiff was aware of from the beginning of the suit, until [he] finally satisfies the jurisdictional requirements

4

[for standing]." Perry v. Sheahan, 222 F.3d 309, 318 (7th Cir. 2000) (internal quotation marks omitted). Accordingly, we affirm the District Court's judgment dismissing Hollander's complaint.

We also affirm the District Court's order denying Hollander's motion to vacate the judgment and amend his complaint. "A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b)." Williams v. Citigroup Inc., 659 F.3d 208, 213 (2d Cir. 2011) (per curiam) (internal quotation marks and brackets omitted). Hollander's motion to vacate arose under Rule 59(e). A court may grant a Rule 59(e) motion only if the movant satisfies the heavy burden of demonstrating "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted); see also Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004). Hollander contends that vacatur was warranted here because, after the District Court entered judgment against him, he discovered two new potential plaintiffs who allegedly have standing to challenge the Defendants' funding decisions. But new plaintiffs are not "new evidence," and Hollander's discovery of additional individuals willing to press Establishment Clause claims against the Defendants does not satisfy the requirements of Rule 59(e). See United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001). Nor has Hollander shown that the denial of his Rule 59(e) motion works a "manifest injustice" against the recently discovered plaintiffs. Nothing in the District Court's order purports to preclude those individuals from

5

bringing suit in their own names. We therefore discern no abuse of discretion in the District Court's denial of Hollander's motion to vacate the judgment and amend his complaint. Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 150 (2d Cir. 2008).

One additional point deserves mention. By presenting a court with a pleading, an attorney certifies, inter alia, that (1) the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (3) "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Hollander is an attorney. Before again invoking his feminism-as-religion thesis in support of an Establishment Clause claim, we expect him to consider carefully whether his conduct passes muster under Rule 11.

We have considered Hollander's remaining arguments and find them to be unavailing. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit